IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG BILLS,<br>    Plaintiff<br>v.<br>MONROE COUNTY, DAMIEN JOYNES, CLINTON DOCKERY, WILLIAM STARNER and MEGAN DEVERS,<br>    Defendants | No. 3:05cv1403<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the motion for summary judgment filed on behalf of Defendant Monroe County in this action involving alleged excessive use of force against an arrestee. The parties have briefed their respective positions and the matter is ripe for disposition.

**Background**

Plaintiff Craig Bills is a former inmate of the Monroe County Correctional Facility (hereinafter "MCCF"). He filed the instant lawsuit alleging that four correctional officers, Defendants Damien Joynes, Clinton Dockery, William Starner and Megan Devers, used excessive force in carrying him from a police car to the MCCF intake unit. Plaintiff asserts that while he was laying face down on a cement floor immobilized by handcuffs and a carrying harness, the officers struck his head, face, arms and back. (Doc. 1, Complaint at ¶ 27). He further asserts that they twisted his ankles, ears and thumbs and repeatedly pushed his face into the cement floor. (Id.). Further, one of the defendants put his fingers into plaintiff's nostrils and forcefully pulled his head back while another pulled his ankles up toward his head causing severe strain to plaintiff's neck and back. (Id. at ¶ 28). According to the plaintiff, the officers also grasped plaintiffs thumbs and the handcuffs and pulled his arms back toward his feet causing severe strain to plaintiff's neck and back. (Id.).  Plaintiff

began screaming for help, and an officer put a hand over his mouth making it difficult for the plaintiff to breathe.  (Id. at 30-31).  One of the defendants struck plaintiff twice in the back of the head causing him to lose consciousness.  (Id.).  Plaintiff regained consciousness in a cell without the handcuffs or harness.  (Id.).  He asserts the guards then verbally harassed him.

Plaintiff asserts that the beating left him with severe injuries including a broken nose, multiple contusions, bilateral ankle sprains, left shoulder dislocation, left radial nerve injury, serve traumatic damage to his left wrist and thumb, damaged vertebrae in his neck and back and damage to his shoulders and knees.  (Id. at 46).

Plaintiff instituted the instant five-count action raising the following five causes of action:   1) deprivation of civil rights under 42 U.S.C. § 1983; 2) assault; 3) battery; 4) intentional infliction of emotional distress and 5) policy and custom liability against Monroe County.   At the close of discovery, Defendant Monroe County (hereinafter "defendant") filed the instant motion for summary judgment.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We  have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

    In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

    Defendant raises the following three issues:   1) Whether plaintiff can

3

hold the County of Monroe liable for policies, customs and training in effect at the MCCF where it is the Prison Board and not the County that has the statutory authority to establish those policies and manage correctional officers? 2) Can the plaintiff establish that the policies and customs of Monroe County were unconstitutional or led to the deprivation of his constitutional rights? and 3) To the extent that plaintiff asserts state tort claims against Monroe County, are those claims barred by the Political Subdivision Tort Claims Act? We will discuss these issues *in seriatim*.

**I. Can Monroe County be held liable?**

Defendant Monroe County (hereinafter "defendant") asserts that it is the Prison Board that possesses the statutory authority to establish the the policies, customs and training in effect at the MCCF.  Therefore, the County cannot be held liable for those policies, customs and training. After a careful review, we disagree.

The County cannot be held liable as a municipality for the constitutional torts of its employees based solely on the doctrine of *respondeat superior*. Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006)(citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978)). "[A] municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." Id. (quoting Monell, 436 U.S. at 694).  A plaintiff, however, can demonstrate that a municipality's course of conduct amounts to government policy when "a decisionmaker possessing final authority to establish municipal policy with respect to the action 'issues an official proclamation, policy, or edict.'" Andrews, 895 F.2d 1469, 1480 (3d Cir. 1990)(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).

We find that the Prison Board is the authorized policymaker of Monroe County for the purposes of making policy decisions regarding the prison. There is no question that the Prison Board had the authority to bind the County to its decision regarding its policies and training and its decision in this regard was final. Indeed, the County, in effect, asserts that the Prison Board should be liable because it possessed the final decisionmaking authority and the County Board did not. The County cannot immunize itself from constitutional harm that its policies cause merely by delegating the authority to create the policy to an independent board. The Prison Board was the authorized decisionmaker possessing authority to establish municipal policy with regard to the prison, and the County can be bound based on the Board's official proclamations, policies, or edicts. Therefore, we will deny the motion for summary judgment on the County's liability as a municipality.

**II. Can the plaintiff establish that the policies and customs of Monroe County were unconstitutional or led to the deprivation of his constitutional rights**

Next, defendant asserts that plaintiff cannot establish a claim against it because none of the policies in effect at the MCCF were deficient. All of the MCCF policies and its training regiment for the relevant time period were reviewed by the Pennsylvania Department of Corrections and MCCF received a perfect score. According to the defendant, plaintiff's injuries were not caused by the policies and customs of the MCCF. Plaintiff's position is that while defendant's stated policies may be appropriate, they were in fact never implemented. Instead, the County allowed and encouraged a "culture of secrecy" that provided the message that

assaultive behavior at MCCF by corrections officers would not be dealt with seriously, and that employees were permitted or even expected to refrain from effectively addressing such behavior when it was witnessed.

The law provides that "an 'official policy' may be inferred from informal actions or *omissions* of supervisory municipal officials." Colburn v. Upper Darby Twp., 838 F.2d 663, 672 (3d Cir. 1988) (internal quotation marks and citation omitted) (emphasis in original).  Defendant rests on the official policies of the prison.  The question before us is whether the plaintiff has presented sufficient evidence of actions or omissions of supervisory officials to establish that the official policy was actually one that accepted assaultive behavior.  After a careful review, we find that he has.

In support of its position, plaintiff cites a January 2004 incident where several MCCF correctional officers - - who are not the defendants in the instant action - - were suspended from their jobs after it was discovered that they had assaulted another officer while all were on duty.  (Doc. 34-8, Pl. Ex. G., MCCF Vetsy-Kunkle Investigation, p. 2).  The officers in question carried the other officer into the MCCF barber shop, shackled and cuffed her to a barber chair and left her there.  (Id.).  Several other officers witnessed the assault but did not come forward at the time although they told the offending officers to "knock it off."  (Doc. 34-5, Pl. Ex. D, Deposition of David Keenhold, p. 93).

The four officers involved in that assault were also involved in another assault on an inmate.  (Doc. 34-8, Pl. Ex. G, Vetsey-Kunkle Investigation p. 4-5).  The assaults on this inmate continued for a six weeks, and possibly longer.  (Id. at 7).   Another assault occurred on an inmate that involved stepping on his ankle shackles and dragging him

6

backwards at a fast pace.  (Doc. 34-16, Pl. Ex. O, Statement of Douglas Tucker).

Those who witnessed assaults at the prison and did nothing were never disciplined for their failure to report the assaults.  (Doc. 34-5, Pl. Ex. D, Deposition of David Keenhold at 95-96).

Based upon these incidents, plaintiff asserts that the real policy at MCCF is that if you see a correctional officer commits an assault, it is appropriate to do nothing.

Moreover, plaintiff asserts that MCCF does not want to know which correctional officers have been accused of improper conduct because grievances against an officer are placed in the complaining prisoner's file, not the officers.  Thus it is effectively impossible to trace a grievance to a particular correctional officer.  (Doc. 34-5, Pl. Ex. D., Deposition of David Keenhold, p. 99-100).  MCCF has no way of tracking how many grievances have been filed against a specific correctional officer.  (Id. at 100).

Viewing these facts in the light most favorable to the plaintiff, we find that a jury could conclude the MCCF provided the message that assaultive behavior at MCCF by corrections officers would not be dealt with seriously, and that employees were permitted or even expected to refrain from effectively addressing such behavior when it was witnessed.  Accordingly, the defendant's motion for summary judgment on this ground will be denied.

**III.  Political Subdivision Tort Claims Act**

The final issue raised by the defendant's motion for summary judgment is whether it can be held liable under the Pennsylvania Political Subdivision Tort Claims Act, (hereinafter "PSTCA").  Under the Political

Subdivision Tort Claims Act, no local agency shall be liable for any damages on account of injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 PENN. CONS. STAT. ANN. § 8541.  The PTCSA does not provide immunity for injury caused by willful misconduct.  42 PENN. CONS. STAT. ANN. § 8550. Plaintiffs' complaint only alleges intentional, wilful conduct.  Therefore, the PSTCA does not apply.  The motion for summary judgment based upon this ground will thus be denied.

**Conclusion**

     For the reasons set forth above, the defendant's motion for summary judgment will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG BILLS, | : | No. 3:05cv1403 |
|             **Plaintiff** | : | |
|    v. | : | (Judge Munley) |
| MONROE COUNTY, DAMIEN JOYNES, CLINTON DOCKERY, WILLIAM STARNER and MEGAN DEVERS, | : | |
|             **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 28th day of September 2007, the defendants' motion for summary judgment (Doc. 26) is hereby **DENIED**.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**